Burket, J.
No question is made by any of the parties as to the constitutionality of that part of section 2272, Revised Statutes, which applies to corporations in counties containing a city of the first or second grade of the first class, and therefore that question has not been considered.
Section 2272 as it was then is as follows :
“In cities of the first grade of the first class when a petition subscribed by any owner or owners of property abutting upon any street or highway, of any description, between designated points, is presented to the board of administration for the purpose, and in other cities of the first class, or in corporations in counties containing a city of the first or second grade of the first class, when a petition subscribed by three-fourths in interest of the owners of property abutting upon any street or highway of any description, between designated points, is reg’ularly presented to the council for the purpose, the costs of any improvement of such street or highway may be assessed and collected in equal annual installments, proportioned to the whole assessment, in a manner to be indicated in the petition, or if not so indicated, then in the manner which may be fixed by council; and the interest on any bonds issued by the corporation *252 for the improvements, together with the annual installments herein provided for, shall be assessed upon the property so improved ; but when lot or land of one who did not subscribe the petition is assessed, such assessment shall, not exceed twenty-five per centum of the value of his lot or land after the improvement is made; provided, that whenever in this title the' petition of the owners of property is required, a married woman shall have the same authority to sign that she would have if unmarried; and the guardians of infants or insane persons may sign such petition on behalf of their wards only when expressly authorized by the probate court on good cause shown.”
(The plaintiffs in error contend that Mr. Bostwick, the lessee for ninety-nine years renewable forever, was the owner of the property abutting on the streets in question, within the meaning- of this section of the statute, while the defendants in error claim that he was not such owner.
If he was not such owner, the judgment of the circuit court is right; but if he was such owner, the judgment is wrong.
In this state taxes and assessments are levied and assessed upon the corpus of real estate, and not upon the title by which the same may be held, unless otherwise provided by statute.
Section 2897 provides that where lands held upon permanent leases are taxed in the name of the lessee and are allowed to become delinquent, and are brought to sale for taxes, the sale shall be confined to the rights of the lessee, if the same shall be sufficient to meet the tax, interest and penalty so assessed and due. This statute undertakes to protect the interests of the owner of the fee, but *253 this protection is given only in case the interest of the lessee shall be sufficient to pay the taxes; If not sufficient, the interests of the owner of the fee must respond to make up the deficiency. This is the only statute on the subject, and it shows the policy of the state to be, that the state0must have its taxes, and while it, will first exhaust the interest of the lessee in the property, the state will require full payment, even though it takes the whole property, including' the interest of the lessor.
While this is the rule as to taxes, the same rule obtains as to assessments, because the statutes provide that when assessments are certified to the auditor, they shall be collected the same as other taxes, which in this case would be by a sale of the leasehold estate, if sufficient to pay the assessment, and if not sufficient, then by a sale of the whole property.
It is urged that to hold the lessee under such a lease to be the owner, would put it in his power to cause an assessment to be put upon the property to an amount greater than the value of the whole property, and. thereby in effect confiscate the estate of the lessor to the public. But this consideration is not of sufficient weight to override the public policy of the state as shown by its statutes.
The rules of taxation are prescribed by the statutes, and persons must make their contracts with reference thereto, and if the power is given to a lessee to deal with property as owner, to have it stand in his name for taxation, the lessor becomes bound by the acts of his lessee, and has no cause for complaint.
A 'mortgagor is regarded as the owner of the real estate, even though' the mortgage is for more *254 than the value of the land, and in such cases the mortgagor may sign a petition as owner for improvements of streets and avenues, even though the assessments should exceed the value of the land, and thereby cause a total loss to the mortgageq. As the lessee in this lease is bound personally for the payment of the taxes and assessments, it must be presumed that he would not sign petitions for improvements recklessly, for the mere purpose of injuring the holder of .the fee, and the same is true of a mortgagor. He is by statute made personally liáble for the assessments in some cases to the amount of the value of the abutting property, and in others to the amount of twenty-five per cent, of such value, and this personal liability is sufficient usually to deter the lessee, as well as the mortgagor, from signing petitions for improvements whose cost would equal or exceed such value of the property.
This personal liability is usually a sufficient protection to the lessor and mortgagee, but cases may arise, as in the case at bar, where unforeseen depressions take place, and shrinkages in value occur, to such an extent as to wipe out all profits, and most if not all of the capital; and in such cases each party attempts to save himself as far as possible from the wreck, and to shift the responsibility upon others, or the public.
In this case it was reasonably expected that Mr. Bostwick, by platting the lands and improving the streets, would not only be able to pay the ground rent, but pay the assessments and make large profits by sales of lots. But by reason of unforeseen causes, all this failed, and there is a loss to be borne by some one. Shall it be by the public, or those who engaged in the speculative ventures *255 The defendants in error accepted the promise of Mr. Bostwick to pay the taxes and assessments, knowing that if he failed to pay the same, the real estate would be held therefor; first the leasehold1 estate, and if that should prove insufficient then the whole property. The defendants in error so drew the lease as to enable the lessee to have the property stand in his name on the duplicate for taxation and assessment, and now when a loss occurs by reason thereof they desire to shirk it themselves, and throw itupon the public. ' We think the loss should fall upon those who engaged in the speculation, and not upon the public'; and if the lots of the defendants in error are assessed for what Mr. Bostwick agreed to pay, defendants must look to him for reimbursement. We think that Mr. Bostwick was so far the owner of the property as to make him the proper person to sign the petition for the improvements, and that the signatures of the lessors were not necessary.
Holding the lessee under such a lease to be the owner of the property under said section 2272, harmonizes the statutes and decisions of this court upon the subject of permanent leases. By section 4181 such leases are subject to the same law of descent as estates in fee simple. By sections5374 and 5375 such leasehold estates are regarded as real estate, and subject to levy and sale upon execution as. such, and are bound by the lien of a judgment the same as other lands. See also the cases of Loring v. Melendy, 11 Ohio Rep., 355, and Northern Bank of Kentucky v. Roosa, 13 Ohio Rep., 335.
The case of Mayor of Baltimore v. John Boyd, 64 Md., 10, does not seem to throw much light upon the question, as in that case the lessee was *256 by statute made the owner for the purposes of signing petitions for street improvements.
The judgment of the circuit court will be reversed, and the cause remanded .to that court with instructions to overrule the demurrer to the second and third defenses, and for further proceedings according to law.

Judgment reversed.